UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARTIN JOSEPH ZIMMER,

      Petitioner-Appellant,

v.

DAVID R. McKUNE; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 00-3031
(D.C. No. 99-3328-DES)
(D. Kan.)

---

ORDER
Filed June 26, 2000

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

This matter is before the court on Appellant's petition for panel rehearing filed June 8, 2000. The petition for rehearing is granted for the sole purpose of revising the Order and Judgment to reflect the fact that Appellant's second, third, and fourth claims for relief are not faced with either procedural bar or exhaustion obstacles. The petition is denied in all other respects. A revised order and judgment is attached to this order.

ENTERED FOR THE COURT

Patrick Fisher, Clerk of Court

By:   Keith Nelson
       Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN JOSEPH ZIMMER,

      Petitioner-Appellant,

v.

DAVID R. McKUNE; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 00-3031
(D.C. No. 99-3328-DES)
(D. Kan.)

**REVISED ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

In 1999, Petitioner-Appellant Martin Joseph Zimmer filed a petition for

habeas corpus in the United States District Court for the District of Kansas

pursuant to 28 U.S.C. § 2254. The district court denied this petition and declined

to grant Mr. Zimmer a Certificate of Appealability ("COA") to pursue these

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

claims on appeal. See 28 U.S.C. § 2253(c). Mr. Zimmer now requests this court to grant a COA and reverse the district court's judgment.

Petitioner raises five issues on appeal: (1) sufficiency of the evidence supporting his convictions of robbery and criminal deprivation of property in Kansas state court; (2) prosecutorial misconduct for making comments directed at the defendant's credibility; (3) constitutional sufficiency of a jury instruction characterizing the state's burden of proof and the presumption of innocence; (4) constitutional sufficiency of a jury instruction referring to the state's burden to prove each of its "claims" rather than the "elements of the offense"; (5) ineffective assistance of appellate counsel for failing to raise claims (2), (3), and (4) on direct appeal.

We first note that the District Court of Mitchell County, Kansas, considering Petitioner's collateral attack under K.S.A. 60-1057 appears to have addressed all of Petitioner's claims on the merits, despite the fact that claims (2), (3), and (4) were not raised on direct appeal. The Kansas Court of Appeals summarily affirmed the lower court's disposition. Accordingly, the petitioner is not faced with either procedural bar or exhaustion obstacles. See Harris v. Reed, 489 U.S. 255, 263 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court

rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.") (quotations and citations omitted).

Nevertheless, upon review of the record and the relevant case law, we conclude that Mr. Zimmer has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, we decline to grant a COA. See id.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge